Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
Drew P. Taylor, OSB No. 135974
email: drew@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **COBBLER NEVADA**, LLC,<br><br>  Plaintiff,<br>v.<br><br>**ANONYMOUS USERS OF POPCORN TIME: DOES 1 – 11,**<br><br>  Defendants. | Case No.: 3:15-cv-01550-ST<br><br>PLAINTIFF'S MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA TO NON-PARTIES: Does 1, 3, 6 and 7.<br>EXHIBIT 1<br><br>EXPEDITED RULING REQUESTED |

<u>LR 7-1 Conferral</u>

The relevant subscribers from whom discovery is sought are non-responsive to plaintiff's attempts to communicate and as such there has been no conferral on this motion.

**<u>PLAINTIFF'S MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA</u>**

**<u>TO NON-PARTIES</u>**

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiff moves the Court for an order permitting plaintiff to issue FRCP 45 subpoenas to the subscribers identified as associated with: Doe No. 1, IP 76.115.4.158; Doe No. 3, IP 50.137.35.46; Doe No. 6, IP 24.21.184.100 and Doe No. 7, IP 24.21.68.190. Plaintiff seeks leave for the depositions of the associated subscriber

non-parties identified as responsible for their respective Internet protocol ("IP") addresses used by the Doe defendant to infringe plaintiff's rights. Plaintiff believes the relevant depositions will take no more than two (2) hours each and can conduct such depositions at a mutually agreeable time and place should the subscribers be willing to confer.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENA TO NON-PARTY

1. **Introduction**

As outlined in plaintiff's complaint (Dkt. 1) and the prior motion to expedite discovery (Dkt. 3) plaintiff is seeking leave to identify the Doe defendants who each used a specific IP address to infringe plaintiff's rights.

In this case of the initial eleven (11) Doe defendants, ISP Comcast was able to identify nine (9) individuals with sufficient specificity to permit further investigation. Without sufficient specificity to proceed, plaintiff dismissed Does Nos. 2 and 11. Of the remaining nine (9) defendants plaintiff has successfully identified and obtained judgments for five (5) Does (56%) without the need for compelled discovery. However, four (4) of the subscribers have refused to respond to plaintiff's letters and plaintiff is without means to obtain voluntary cooperation with its investigation to identify whom may have used their Internet Service to infringe plaintiff's rights. Independent investigations of the identified the subscribers yields little if any additional information and such research and efforts do not permit plaintiff to identify a specific party that is likely to be the infringer. As such, plaintiff is left with the options of proceeding against the subscribers as named by Comcast and possibly substituting another party on discovery, or

seeking further discovery to ascertain the identity of the true Doe defendants prior to naming a party.

While the named subscriber is often the proper defendant, plaintiff wishes to ensure that investigations are complete and proper and submits that in this matter something beyond the mere identification of a subscriber by an ISP is proper before a defendant is named.

**2. There is a demonstrated likelihood of plaintiff being able to identify an actual infringer with further discovery.**

The record before this court is that when plaintiff has an IP address that permits further investigation, plaintiff has successfully confirmed the identity of an infringing defendant the vast majority of the time. If the question before the court is whether or not plaintiff is "likely" to be able to identify the actual infringer, then based on the proven record the answer is a resounding "yes." *Voltage, et al. v. Doe*, 3:14-cv-01872-AC (D. Or., April 9, 2015).

**3. This matter is properly continued as a joined action.**

Plaintiff has been able to expeditiously and efficiently resolve its claims with the majority of the parties identified by Comcast as follows:

| Doe No. | IP Address | Status |
| --- | --- | --- |
| 1. | 76.115.4.158 | ***Subscriber non-responsive***, *further discovery needed.* |
| 2. | 76.27.192.127 | **Dismissed** - Lack of specificity in Comcast response. |
| 3. | 50.137.35.46 | ***Subscriber non-responsive***, *further discovery needed.* |
| 4. | 71.238.55.109 | **Resolved** – Defendant pro se |
| 5. | 71.59.218.131 | **Resolved** – Consent Judgment with defendant's counsel. |
| 6. | 24.21.184.100 | ***Subscriber non-responsive***, *further discovery needed.* |
| 7. | 24.21.68.190 | ***Subscriber non-responsive***, *further discovery needed.* |
| 8. | 50.137.128.62 | **Resolved** – Defendant pro se |
| 9. | 71.193.206.27 | **Resolved** – Consent Judgment with defendant's counsel. |

| 10. | 71.193.230.69 | **Resolved** – Consent Judgment with defendant's counsel. |
| 11. | 23.24.243.249 | **Dismissed** - Lack of specificity in Comcast response. |

As shown above, reflecting the docket record of this case, joinder has provided the all the parties and the Court an efficient manner to resolve plaintiff's claims and address the broader issues of piracy.  Should contested proceedings be needed, severance may be proper, but at this stage plaintiff maintains that the parties, and the Court are best served with the continued efficiency of a joined action.

**4. Conclusion**

For the reasons argued herein and in plaintiff's initial motion for expedited discovery (Dkt. 6), plaintiff respectfully requests the Court grant its motion for leave to issue an FRCP 45 subpoenas in the form filed herewith as Exhibit 1 to the non-party subscribers identified as associated with Does Nos. 1, 3, 6 and 7 to depose the subscribers on matters related to the access and use of their Internet service by occupants of the residence.

Plaintiff agrees to limit such depositions to two (2) hours and reasonably accommodate scheduling requests and to appear at the offices of any local subscriber counsel.

Plaintiff requests an expedited ruling on this matter to avoid spoliation as the deletion and destruction of files may be occurring.

DATED:  November 16 2015.

    Respectfully submitted,

    */s/ Carl D. Crowell*
    Carl D. Crowell, OSB No. 982049
    email:  carl@crowell-law.com
    Drew P. Taylor, OSB No. 135974
    email:  drew@crowell-law.com
    (503) 581-1240
    Of attorneys for the plaintiff